United States District Court
Southern District of Texas
**ENTERED**
April 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ANGEL PEREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-0755 |
| | § | |
| PAMELA BONDI, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Jose Angel Perez ("Petitioner"), a citizen of Venezuela, entered the United States on November 14, 2021.[1]  On December 4, 2025, Petitioner was taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2).[2]  Petitioner remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates the (1) Immigration and Nationality Act, (2) due process.[3]  Petitioner also asks this court to judicially

---

[1]Verified Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, pp. 8 ¶ 23, 10 ¶ 30.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 11 ¶ 39.

[3]Id. at 21-24.

estop the Government from "asserting that Petitioner is subject to mandatory detention under 1225(b)(2)(A)."[4]

Also pending before the court is Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 7). Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[5] Petitioner has filed a reply.[6]

As the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest. Id. at 498, 508. The Fifth Circuit's analysis and holding applies in this case.[7]

Petitioner's detention without a bond hearing does not violate substantive or procedural due process. As explained in García De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v.

---

[4]Id. at 24-25.

[5]Respondents' MSJ, Docket Entry No. 7, pp. 1-2.

[6]Petitioner's Reply to Respondent's Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 8.

[7]Because § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest, the Government is not judicially estopped from asserting that Petitioner is subject to mandatory detention under § 1225(b)(2)(A).

Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in Jacobo-Ventura, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED,** and Petitioner's Verified Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 10th day of April, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-